MARC STEVEN APPLBAUM, ESQ. SBN# 222511
MIDWAY LAW FIRM APC
4275 Executive Square, Suite 200
La Jolla, CA 92037
760-484-1203
marc@midwaylawfirm.com

Attorneys for Plaintiffs,
JEREMIAH GOBERT AND DESIRAE HAYES

## DISTRICT COURT OF THE UNITED STATES OF AMERICA

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH GOBERT AND DESIRAE HAYES ) | Case No.: |
| ) | |
| Plaintiffs, ) | **COMPLAINT FOR:** |
| ) | 1. **BREACH OF CARMACK AMENDMENT** |
| vs. ) | 2. **NEGLIGENT MISREPRESENTATION** |
| ) | 3. **FRAUD** |
| ) | 4. **BREACH OF CONTRACT** |
| ALL WAYS TRANSPORTATION, INC., DBA ) | 5. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |
| UNITED TRANSPORTATION MOVING AND ) | |
| STORAGE, EYAL BEN-ORAR, DOES 1 ) | ***JURY TRIAL DEMANDED*** |
| through 50, inclusive, ) | |
| ) | |
| Defendant(s). ) | |

Plaintiffs, JEREMIAH GOBERT AND DESIRAE HAYES allege as follows:

### PARTIES

1.     Plaintiff, JEREMIAH GOBERT (herein after "PLAINTIFF" collectively with DESIRAE HAYES), is and al all times relevant to the facts herein, are individuals currently residing in real property located in Pahoa, Hawaii.

2.     Plaintiff, DESIRAE HAYES (herein after "PLAINTIFFS" collectively with JEREMIAH GOBERT), is and at all times relevant to the facts herein, an individual currently residing in real property located in Pahoa, Hawaii.

3.      Plaintiffs are informed and believes and based thereon allege that Defendants, ALL WAYS TRANSPORTATION, INC dba UNITED TRANSPORTATION MOVING AND STORAGE and EYAL BEN-ORAR is at all times relevant to the facts herein, was a Corporation registered in the state of California and an individual doing business in the County of Los Angeles, State of California in this district as a moving and storage company and are jointly and severally liable to the Plaintiffs for conduct alleged herein.

4.      The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of Defendants DOES 1 through 50, are unknown to Plaintiffs who sues each Defendant by such fictitious names. Plaintiffs are informed and believe and base thereon allege each of the Defendants designated herein as a fictitiously named Defendant is, and in some manner, were responsible for events and happenings referred to herein either contractually or tortuously.  When Plaintiff ascertains the true names of capacities of DOES 1 through 50, they will amend this complaint accordingly.

5.      Plaintiffs are informed and believe and based thereon allege that Defendants and each of them, are and at all times herein were, the agents, joint ventures, officers, members, representatives, servants, consultants or employees of their co-defendants, and in committing the acts herein allege, were acting within the scope of such affiliation with knowledge, permission, consent or subsequent ratification of their co-defendants.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 49 United States Code §14706 of the Carmack Amendment of 1906.  Federal district courts have original jurisdiction over such actions if the amount in controversy for each bill of lading exceeds $10,000, not including interest and costs. 28 U.S.C. 1337(a).  Defendants have, directly or indirectly, made use of the means or instrumentalities of interstate commerce in connection with the transportation and storage of the household furnishing items alleged in this complaint.

7.      The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,*

1  482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987).  Plaintiff has properly pleaded a federal

2  question alleging Defendant has violated 49 U.S.C. §14706, the Carmack Amendment.

3       8.    Venue is proper in this district pursuant to 49 United States Code §14706(d)(1),

4  because Defendants reside and/or conduct business in the Central District of California and because

5  certain of the transactions, acts, practices and courses of conduct constituting violations of the

6  Carmack Amendment and other causes of action occurred within this district.

7  **STATEMENT OF FACTS**

8       9.    On or about December 19, 2022 Plaintiffs decided to relocate their primary place of

9  residence from Montana to Hawaii.  To help make their trans-pacific move as simple and smooth as

10  possible, Plaintiffs sought to hire a professional, licensed and bonded moving company to transport

11  their household furnishings from their home in Montana to their new residence in Pahoa, Hawaii.

12       10.    On December 19, 2022, Plaintiffs contacted Defendants and agreed to a contract

13  where by Defendant promised to transport Plaintiffs' belongings to Hawaii after collecting a

14  $1800.00 good faith deposit that was paid by credit card.  Plaintiffs agreed to pay Defendants an

15  additional $5000.00 on January 4, 2023 and entrusted the entirety of their household items and

16  personal possessions including, but not limited to, three legally owned and registered guns.

17       11.    In accordance with the contractual terms negotiated by Defendants agent, Plaintiff's

18  items were picked up at a single family residence located at 191 Lakeview Lane, Lakeside, Montana

19  59922 on January 4, 2023 as reflected in Job # W287784 where Plaintiff paid $5000.00 to Daniel

20  DelaRosa, a driver for the Defendants with the balance when the possessions were delivered to

21  Hawaii.

22       12.    On January 4, 2023, Defendant arrived at Plaintiffs' residence and collected a

23  deposit that was to include additional insurance coverage than the basis coverage..

24       13.    Shortly after Defendants left with their household goods, Plaintiffs' called

25  Defendant's dispatcher by telephone on or about February 22, 2023 and requested that their goods

26  be returned to the above address in Montana as opposed to being shipped to Hawaii.  Defendant

27  agreed to return the household goods to Montana without delay or additional costs.

28

14.     On March 30, 2023, Plaintiffs' through counsel contacted Defendant because they had not been contacted by Defendants as to the status of their household goods and on that basis Plaintiff's counsel sent a demand letter that included a deadline of April 4, 2023 that was ignored by Defendants. (A true copy is attached and incorporated as Exhibit A.

15.     At no times material, has the defendants provided Plaintiffs that its possessions had been delivered to Hawaii.

16.     On April 6, 2023, Defendant sent Plaintiffs (and its counsel) an email that claimed Plaintiffs had executed a "release form" to move any firearms, jewelry, and high value items notwithstanding that no such release had been executed by Plaintiffs.

17.     On April 6, 2023, counsel for Plaintiff requested a copy via email of all executed service agreements and insurance riders from Defendants that has also been ignored.

18.     On April 11, 2023, Alex Woodman, Dispatcher/Manager sent an email that Plaintiffs possessions were in Montana and ready to be delivered to a residence in Montana.

19.     On April 18, 2023, Defendant sent Plaintiffs an email that they were going to auction Plaintiffs possessions to satisfy an unkwown and arbitrary lien amount.

20.     On April 18, 2023, counsel for Plaintiff sent an email to Defendants that they would be liable both civilly and criminally if they auctioned Plaintiffs possessions without due process of law.

21.     At no time has the Defendants, returned Plaintiffs possessions that are valued in excess of $75,000.00.

Wherefore, PLAINTIFFS prays for relief as set forth fully below.

## FIRST CAUSE OF ACTION

### BREACH OF THE CARMACK AMENDMENT

(Against ALL Defendants)

22.     Plaintiff hereby incorporates, by this reference, paragraphs 1 through 14, as though fully set forth herein.

23.     Defendant, by and through their actions of losing Plaintiffs' property during an interstate move from Montana to Hawaii, have violated the Carmack Amendment.  Congress created

1  the Carmack Amendment to create uniformity and to occupy the field of interstate transportation to

2  avoid the confusion of conflicting state law.  *Adams Express Co. v. Croninger*, 226 U.S. 491, 505

3  (1913).

4          24.     "The Carmack Amendment subjects a motor carrier transporting cargo in interstate

5  commerce to absolute liability for "actual loss or injury to  property.""  *Hughes Aircraft Co. v.*

6  *North American Van Lines, Inc.*, 970 F.2d 609, 611 (1992) citing *Missouri Pacific R.R  Co. v.*

7  *Elmore & Stahl*, 377 U.S. 134, 137 84 S. Ct. 1142, 1144, 12 L.Ed.2s 194 (1964).

8          25.     "The Carmack Amendment subjects a motor carrier transporting cargo in interstate

9  commerce to absolute liability for actual loss or injury to property."  *Hughes Aircraft Co.*, 970 F.2d

10  at 611.  Plaintiff alleges Defendant is directly responsible for completely losing 56 out of 412 boxes

11  containing her personal belongings.  Additionally, Plaintiff alleges Defendant has lost all of

12  Plaintiff's belongings which Defendant was responsible for adequately packing and transporting

13  from Montana to Hawaii.

14          26.     Throughout the entirety of the process, Defendant has been vague in their

15  explanations, or gave unjustified explanations and excuses.  The complete unprofessionalism of the

16  Defendant has lead to Plaintiffs being left without the entirety of their household goods.

17                    Wherefore, PLAINTIFFS prays for relief as set forth fully below

18                                **SECOND CAUSE OF ACTION**

19                              **NEGLIGENT MISREPRESENTATION**

20                                    (Against ALL Defendants)

21          27.     Plaintiff hereby incorporates, by this reference, paragraphs 1 through 25 as though

22  fully set forth herein.

23          28.     Throughout the entirety of Plaintiffs' contact with Defendant, Defendant has been

24  entirely untruthful regarding the whereabouts of their items and the efforts taken to procure her

25  missing items.

26          29.     Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a

27  misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it

28  to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of

1  the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed,

2  and (5) damages. *Fox v Pollack*, 181 Cal.App.3d 954, 962 (1986).

3      30.    Plaintiff now sues Defendants for their negligent misrepresentation as alleged.

4  Defendants made material misrepresentations on. numerous occasions.  First, Defendant indicated

5  to Plaintiffs' their belongings would be immediately returned to their residence in Montana.

6                              **THIRD CAUSE OF ACTION**

7                                    **FRAUD**

8                              (Against ALL Defendants)

9      31.    Plaintiff hereby incorporates, by this reference, paragraphs 1 through 23 as though

10  fully incorporated herein.

11      32.    Generally, "a breach of a fiduciary duty usually constitutes constructive fraud."

12  *Salahutdin v. Valley of California, Inc.*, 24 Cal.App.4th 555, 563 (1994).  "As a general principle

13  constructive fraud comprises any act, omission or concealment involving a breach of legal or

14  equitable duty, trust or confidence which results in damage to another even though the conduct is not

15  otherwise fraudulent."  Id. at 562.  "A careless misstatement may constitute constructive fraud even

16  though there is no fraudulent intent."  Id.

17      33.    Plaintiff alleges Defendant purposefully, fraudulently, carelessly and intentionally

18  deceived Plaintiff and made many careless misstatements on numerous occasions.

19      34.    Defendant's actions were intentional, oppressive, fraudulent and malicious in

20  conscious disregard of Plaintiffs' rights, thereby, justifying the award of punitive damages in an

21  amount to proven at trial.

22      35.    Plaintiffs delivered an Evidence Preservation Letter based on the threats made by

23  Defendants to destroy, lose or auction its personal property. (A true copy is attached as Exhibit B)

24              Wherefore, PLAINTIFFS prays for relief as set forth fully below

25                              **FOURTH CAUSE OF ACTION**

26                              **BREACH OF CONTRACT**

27                              (Against ALL Defendants)

28      36.    Plaintiff hereby incorporates, by this reference, paragraphs 1 through 27 as though

- 6 -

1  fully set forth herein.

2      37.    Plaintiff entered into a valid written contract with Defendant. The contract consisted

3  of Defendant packing and transporting Plaintiffs' belongings from Montana to Hawaii in exchange

4  for approximately $6800.00.

5      38.    Generally, to state a claim for breach of contract Plaintiff must prove (1) "the

6  existence of a contract; (2) [Plaintiff] has performed or performance was excused; (3) defendant's

7  breach of the contract; and (4) damages resulting from the breach." *Greenwich Ins. Co. v. Rodgers*,

8  729 F.Supp.2d 1158 (2010) citing *Troyk v. Farmers Group, Inc.*, 171 Cal.App.4th 1305, 1352, 90

9  Cal.Rptr. 3d 589 (2009).

10      39.    Plaintiffs have suffered and will continue to suffer reasonable and foreseeable

11  consequential damages resulting from such breach including costs associated with replacing the items

12  that have not yet been delivered or returned.

13      40.    Plaintiffs have been damaged by Defendant's material breach of contract in an

14  amount to be proven at trial.

15      Wherefore, PLAINTIFFS prays for relief as set forth fully below

16  <u>**FIFTH CAUSE OF ACTION**</u>

17  **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

18  (Against ALL Defendants)

19      41.    Plaintiff hereby incorporates, by this reference, paragraphs 1- 32 as though fully set

20  forth herein.

21      42.    Plaintiff alleges Defendant negligently inflicted emotional distress upon them;. "The

22  injury we contemplate when considering negligent infliction of emotional distress is mental or

23  emotional injury." *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 544 (1994).

24      43.    Plaintiff demands an award of damages for all distress suffered in an amount to be

25  determined at trial.

26      **WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

27  1.    For an injunction ordering Defendant to return Plaintiffs property.

28  2.    For compensatory, special, general and punitive damages against all Defendants.

3.       For civil penalties pursuant to statute, restitution, injunctive relief and reasonable attorney fees.

4.       For reasonable costs of suit and such other and further relief as the Court deems proper.

Dated: April 16, 2022            Respectfully submitted,

                                   MARC STEVEN APPLBAUM, ESQ.
                                   MIDWAY LAW FIRM APC

                                   By: /s/ Marc Steven Applbaum, Esq.
                                        MARC STEVEN APPLBAUM, ESQ.
                                        Attorney for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>EXHIBIT A</u>

**The Midway Law Firm APC**
ATTORNEYS AT LAW
4275 Executive Square, Suite 200 La Jolla, Ca 92037

Lawyer
Marc Steven Applbaum

---

March 30, 2023

Sent via Email and USPS

All Ways Transportation, Inc. (3185764)
DBA United Transportation Moving & Storage
ATTENTION: Eyal Ben-Oror, CEO, Secretary and Chief Financial Officer
19328 Londelius Street
Northridge, CA 91324

6200 De Soto Avenue #36314
Woodland Hills, CA 91367

Re: Jeremiah Gobert and Desirae Hayes (Our Clients)
     Job No: W287784

Mr. Ben-Orar:

I am an attorney that represents Jeremiah Gobert and Desirae Hayes.

On December 19, 2022, my clients engaged your moving company to transport their possessions from Montana on January 4, 2023 to Hawaii and shortly after your company picked up their possessions you were instructed and agreed that you would return their family possessions back to Montana without delay.

Since January, 2023 my client's phone calls, emails and texts have been ignored and they have been without their family possessions causing severe emotional and financial distress.

Please be advised that included in possessions that are now under your control and custody are three guns legally owned and registered to my clients that requires your immediate attention as we will be filing a formal complaint with the ATF Field Office in Glendale, CA and the California Attorney General, Consumer Affair Division and the Bureau of Household Goods and Services if our client's possessions are not safely and professionally delivered to 1115 3rd Avenue, Northwest, Great Falls, Montana on or before Monday, April 3, 2023. On that basis, I am demanding that you confirm the current whereabouts of my client's possessions so that I can contact ATF's Stolen Firearm Program Manager confirming that my client's three weapons are not lost or stolen within 48 hours as required by federal and state law.

My client is initially demanding the return of their possessions in the same condition as when they were picked up, pay their his legal fees as a result of your unprofessional services and delay tactics as well as immediately providing us with a copy of the insurance policy from emovinginsurance.com purchased from your agent.

If my demand is ignored, I have been instructed to file a lawsuit in the Central District of California on Monday, April 3, 2023 that will seek damages no less than $75,000.00 alleging violations of the Interstate Carmack Amendment, Negligent Representation, Fraud, Breach of Contract, Negligent and Intentional Infliction of Emotional Distress and Unfair and Deceptive Business Practices.  Under the Carmack Amendment you are 100% liable for all loss or injury to property moved by you in interstate commerce.

Please contact me at 760 484-1203 if you have any questions.

Marc Steven Applbaum, Esq.
MIDWAY LAW FIRM APC

cc:
Jeremiah Gobert and Desirae Hayes

1

**EXHIBIT B**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**The Midway Law Firm APC**
ATTORNEYS AT LAW
4275 Executive Square, Suite 200 La Jolla, Ca 92037

**Lawyers**
Marc Steven Applbaum
760-484-1203

_____

April 18, 2023

Sent Via Email and First Class Mail

All Ways Transportation, Inc. (3185764)
DBA United Transportation Moving & Storage
ATTENTION: Eyal Ben-Oror, CEO, Secretary and Chief Financial Officer
19328 Londelius Street
Northridge, CA 91324

Re: **Evidence Preservation Letter**

To Whom It May Concern:

Please be informed that this letter is in connection with an incident that occurred in connection with Job # W287784.

This letter will serve as a FORMAL DEMAND THAT YOU PRESERVE ANY AND ALL EVIDENCE, including, but not limited to, all possessions picked up by your company on January 4, 2023 at 91 Lakeview Lane, Lakeside, Montana 59922.  ("Subject Location") RELATING TO the incident alleged in the Civil Complaint filed in the Central District Court in GOBERT v. ALL WAYS TRANSPORTATION, INC., DBA UNITED TRANSPORTATION MOVING AND STORAGE, EYAL BEN-ORAR.

DEMAND  is hereby made for your company to maintain AND preserve any and all ORIGINALS AND COPIES OF videos (including security and surveillance videos) and photographs of the inside, OUTSIDE, AND ENTRANCE ways of the subject location, for the 24-hour period before and after THE ABOVE-DESCRIBED INCIDENT. ADDITIONALLY PLEASE IMMEDIATELY FORWARD COPIES OF THESE VIDEOS AND PHOTOGRAPHS TO MY ATTENTION.

Kindly note that it is imperative that you take affirmative steps to preserve any item(s) related to the above-referenced incident/claim. The failure to do so may constitute negligent or intentional spoliation of evidence and which can result in the imposition of sanctions in any lawsuit or action, including an order barring the introduction of any such evidence.

1

Lastly, please immediately contact our office with the contact information for your applicable liability insurance carrier. In the meantime, please notify your insurance company of this incident, if you have not already done so. Please have a representative of your insurance company contact me as soon as possible but no later than ten days from the date of this letter. This will eliminate the need for us to contact you further.

Thank you for your professional courtesy and cooperation as well as your attention to this matter.

Please contact the undersigned upon receipt of this letter to discuss the matter.

Very truly yours

Marc Applbaum, Esq
Midway Law Firm APC

2

1

## <u>VERIFICATION</u>

2      I, Marc Steven Applbaum, am the attorney for Plaintiff that is located out of

3  county and unable to execute this verification. Upon information and belief avow that

4  the facts herein are within my knowledge and to the contents thereof. The same is

5  true of my knowledge, except as to those matters which are therein alleged on

6  information and belief, and as to those matters are believed to be true.

7      I declare under penalty of perjury that the foregoing is true and correct and that

8  this Verification was executed in San Diego County, California.

9

10                      Date: April 6, 2023

11                       <u>/s/ Marc Steven Applbaum</u>

12                       Marc Steven Applbaum, Esq.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28