O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH GOBERT AND DESIRAE HAYES,<br><br>                    Plaintiffs,<br>          v.<br><br>ALL WAYS TRANSPORTATION, INC., DBA UNITED TRANSPORTATION MOVING AND STORAGE; EYAL BEN-ORAR; DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.:  2:23-cv-02919-MEMF-AS<br><br>**ORDER GRANTING MOTION TO VACATE ORDER DISMISSING ACTION [ECF NO. 24]** |

Before the Court is the Motion to Vacate Order Dismissing Action filed by Plaintiffs Jeremiah Gobert and Desirae Hayes. ECF No. 24. For the reasons stated herein, the Court hereby GRANTS the Motion to Vacate Order Dismissing Action.

/ /

## I. Background

### A. Factual Background

This is a breach of contract case concerning a moving company's alleged failure to transport home furnishings from one residence to another. *See* ECF No. 1.

### B. Procedural History

On April 18, 2023, Plaintiffs filed their Complaint. ECF No. 1. Plaintiffs Jeremiah Gobert ("Gobert") and Desirae Hayes ("Hayes," and collectively with Gobert, "Plaintiffs") served Defendants All Ways Transportation, Inc. dba United Transportation Moving and Storage ("All Ways") and Eyal Ben-Orar ("Orar," and collectively with All Ways, "Defendants") with a copy of the Complaint and summons on May 3, 2023. *See* ECF Nos. 12, 13

On June 4, 2023, Plaintiffs requested that the clerk enter default against Defendants. ECF No. 15. On August 8, 2023, the clerk entered default against Defendants. ECF No. 21. The Court set a hearing on September 28, 2023, for an Order to Show Cause ("OSC") regarding Default Judgment. ECF No. 22. The Court's order stated that if Plaintiffs filed a motion for default judgment on or before September 22, 2023, the hearing on the OSC would be discharged. *Id.*

Plaintiffs did not file a motion for default judgment, nor did Plaintiffs or their counsel make an appearance at the hearing on September 28, 2023. ECF No. 23. The Court thus dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey the Court's order. *Id.*

On October 11, 2023, Plaintiffs filed the instant Motion to Vacate Order Dismissing Action. ECF No. 24. Defendants have not filed an opposition. On February 16, 2024, the Court held the hearing on the Motion. Neither party made an appearance.

## II. Applicable Law

Under the Federal Rules of Civil Procedure, a party may move for relief from a final judgment or order for several reasons, including in relevant part, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Excusable neglect covers not only situations beyond an attorney's control, but also counsel's own negligence. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220,

1223 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 394 (1993)).

To determine whether neglect is excusable, courts consider (1) the danger of prejudice to the opposing parties; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the party seeking relief; and (4) whether that party acted in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer*, 507 U.S. at 395).

### III.  **Discussion**

Having considered the record and the factors listed above, the Court finds that counsel's negligence here is excusable, and therefore GRANTS the Motion.

The first factor—prejudice to the opposing party—weighs slightly against granting the Motion. Defendants will face some prejudice if the Court's judgment is vacated, as the case against them would be reopened. However, the considering the case is only a year old and the underlying events are not even two years old, this prejudice is not significant.

The second factor—length of the delay—does not weigh significantly in favor of either denying or granting the Motion. Although Plaintiffs filed the present Motion only two weeks after the Court's order dismissing the action, Plaintiffs were on notice of the September 28, 2023, hearing as early as August 17, 2023, and counsel did not attempt to file anything with the Court to alert the Court that he was unable to communicate with his client until the Court dismissed the action about two months later.

The third factor—the reason for the delay—weighs slightly against granting the Motion. Plaintiffs argue that counsel was unable to provide the Court with the necessary arguments in favor of a default judgment because counsel was unable to contact Gobert. Mot. at 4. In his supporting declaration, Gobert informs the Court that, from September 7, 2023, to October 4, 2023, Gobert was in jail and unable to communicate with counsel. Gobert Decl., ¶ 9. Although counsel does not explain why he could not discuss the case with Hayes, nor why he failed to alert the Court to his inability to reach his client, at best, this constitutes negligence on the part of counsel and excusable neglect covers negligence.

Finally, the fourth factor—whether the Plaintiffs acted in good faith—weighs in favor of granting the Motion as there is no evidence that Plaintiffs' actions resulted from deviousness or willfulness as opposed to negligence and carelessness. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002).

Weighing the equities, the Court finds that counsel's neglect is excusable. The Motion is GRANTED.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS the Motion.

Plaintiffs are ORDERED to file a Motion for Default Judgment within fourteen (14) days of this Order. Failure to respond to this Order will result in dismissal of this action for failure to prosecute.

IT IS SO ORDERED.

Dated: June 11, 2024

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge